IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH S. LUCAS, JR. )
)
v. ) No. 3:12-1202
)
BRUCE WESTBROOKS )

TO: Honorable Todd J. Campbell, District Judge

### REPORT AND RECOMMENDATION

By Order entered December 28, 2012 (Docket Entry No. 8), the above captioned Petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was referred to the Magistrate Judge for resolution of all pretrial, nondispositive motions, and to recommend disposition of dispositive motions.

The Court has reviewed the Petition (Docket Entry No. 1), the Respondent's Answer (Docket Entry No. 9), the Petitioner's Response (Docket Entry No. 15), and the entire record in this action. For the reasons set out below, the Court recommends that the Petition be denied.

### I. BACKGROUND

The Petitioner is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Southeast Tennessee State Regional Correctional Facility in Pikeville, Tennessee. He is currently serving a sentence of 25 years imprisonment at 100% for the crime of rape of a child. The Petitioner pled guilty to this charge in Williamson County, Tennessee, on February 28, 2007, and was sentenced in May 2007. At the time of his sentence, the Petitioner was 70 years old.

The Petitioner's conviction arises out of crimes committed against his minor granddaughter. As set out by the Tennessee Court of Criminal Appeals in the decision on his direct appeal, the background facts are as follows:

> A Williamson County grand jury returned a three-count indictment charging the defendant with two counts of rape of a child and one count of aggravated sexual battery. The indictment alleged that each of the offenses had occurred between May 2005 and September 2005 against the defendant's granddaughter ("the victim"), a child less than thirteen years of age. The State later filed a Bill of Particulars, which stated that the offenses had occurred during "the summer of 2005."
>
> Following his indictment and arrest, the defendant made a detailed statement to police detectives. The defendant admitted that, while he and the victim were "playing doctor," he had touched the victim's vaginal area, that he had forced her to perform fellatio on him, and that he had ejaculated in his hand. When asked when the incident had occurred, the defendant replied "[t]he last part of the summer" of 2005. During the same interview, the defendant also admitted sexually molesting another minor granddaughter, as well as his three daughters.
>
> The defendant subsequently entered an open guilty plea to one count of rape of a child, with the remaining two counts of the indictment being nolled as part of the agreement. At the sentencing hearing, multiple exhibits were admitted, including the presentence report, the psychosexual evaluation report, and a transcript of the defendant's interview with police. The presentence report indicated that the seventy-year-old defendant had no prior criminal history, had been honorably discharged from service in the United States Army, and had retired from BellSouth after forty years of service. The defendant also introduced evidence of his extensive volunteer work at a local senior citizen center.

State v. Lucas, 2008 WL 4368241, *1 (Tenn.Crim.App. Sept. 26, 2008); Docket Entry No. 10-8, at 2-3.

After sentencing, the Petitioner filed a direct appeal asserting claims that the trial court erred by: (1) sentencing him pursuant to the 2005 sentencing amendments when the proof failed to establish that the offense was committed after the effective date of the amendments; (2) applying two enhancement factors absent a determination of those facts by a jury; and (3) failing to apply the catchall mitigating factor. See Docket Entry No. 10-8. His direct appeal was denied by the Tennessee Court of Criminal Appeals on September 26, 2008, and his application for permission to appeal to the Tennessee Supreme Court was denied on March 16, 2009. Id. and Docket Entry No. 10-10.

The Petitioner thereafter filed a petition for post conviction relief in the state court alleging that he was denied the effective assistance of both trial and appellate counsel and that his guilty plea was not knowingly and voluntarily entered. See Docket Entry No. 1-2. Following an evidentiary hearing, the state court dismissed the petition on January 3, 2011. Id. On May 9, 2012, the

2

Tennessee Court of Criminal Appeals affirmed the denial of post conviction relief, and his application for permission to appeal to the Tennessee Supreme Court was denied on September 20, 2012. See Docket Entry Nos. 10-25 and 10-27.

## II. SECTION 2254 PETITION

On November 20, 2012, the Petitioner filed the instant petition, with the benefit of counsel, seeking to have his guilty plea set aside. He raises two grounds for relief.

First, the Petitioner contends that his guilty plea was not voluntarily and knowingly entered because his counsel led him to believe that he would receive a 13-1/2 year sentence as a mitigated offender if he pled guilty. He asserts that this advice from counsel was ineffective because it was unrealistic for counsel to even suggest that he could be sentenced as a mitigated offender based on the facts of the Petitioner's case. See Docket Entry No. 1, at 7.

Second, the Petitioner asserts that the sentencing court sentenced him under the state sentencing amendments that went into effect on June 7, 2005, instead of the amended Tennessee Criminal Sentencing Reform Act of 1989, which rendered the provisions of the 1989 act as advisory only as to the mitigating and enhancing factors. The basis for the sentencing choice was the state court's finding that the criminal acts occurred after June 7, 2005, which was the effective date of the 2005 sentencing amendments. The Petitioner contends that the trial court and the appellate court erred by making these findings and that "the facts of this case are insufficient and preponderates against these findings." See Docket Entry No 1, at 9.

## III. CONCLUSIONS

Upon consideration of the entire record, it appears that an evidentiary hearing is not required in this matter. Therefore, the Court should dispose of the Petition as the law and justice require. See Rule 8, Rules Governing Section 2254 Cases; 28 U.S.C. § 2254(e)(2); Mitchell v. Rees, 114 F.3d 571 (6th Cir. 1997); Loveday v. Davis, 697 F.2d 135, 137-40 (6th Cir. 1983).

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996), provides the following with respect to granting a writ of habeas corpus to prisoners who are in custody pursuant to a state court judgment:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court found that a state court judgment is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." In such instances, the Supreme Court held that a federal habeas court may grant a writ. <u>Id</u>. at 413. Under the "unreasonable application" clause, the Supreme Court found that a state court judgment results in an "unreasonable application" of clearly established federal law "if the state court correctly identifies the governing legal principle from [the Supreme Court's] decisions but unreasonably applies [that principle] to the facts of the particular case." <u>Id</u>. at 694. "Even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable." <u>Cristini v. McKee</u>, 526 F.3d 888, 897 (6th Cir. 2008). A state court's application of federal law is unreasonable if the "state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." <u>Herbert v. Billy</u>, 160 F.3d 1131, 1135 (6th Cir. 1998).

The purpose of federal habeas corpus review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial. <u>Bell v. Cone</u>, 535 U.S. 685, 693, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). When state courts have made factual

4

determinations regarding issues presented for federal habeas corpus review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Mitchell v. Mason, 325 F.3d 732, 737-38 (6th Cir. 2003).

A. Ground One - Validity of the Guilty Plea

A guilty plea is valid under the United States Constitution if it is entered into knowingly, intelligently, and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); King v. Dutton, 17 F.3d 151, 153 (6th Cir. 1994). The validity of a guilty plea is determined in light of the totality of the circumstances surrounding the plea. Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir. 1991).

The Petitioner claims that he did not knowingly and voluntarily enter into his guilty plea because his trial counsel advised him of the possibility that he could receive a sentence of 13-1/2 years as a mitigated offender. He contends that, although there was no realistic possibility of his receiving a mitigated sentence from the sentencing court based on the facts of his criminal case, his counsel nonetheless discussed this possibility with him. He asserts that he was a first time offender with no prior interaction with the criminal justice system and, based on his counsel's mention of a mitigating sentence, he believed that the mitigated sentence was what he would receive after he pled guilty.

The state court in determining this claim made the following factual findings: 1) that Petitioner had been fully advised at the guilty plea hearing of the rights he was waiving by entering into a guilty plea and affirmed that he wanted to enter into the plea; 2) that Petitioner affirmed at the plea hearing that he was not forced to enter into the plea, had not been promised anything in exchange for pleading, and was knowingly and voluntarily pleading guilty; 3) that Petitioner understood that the plea agreement contained no provision regarding the sentence and that the trial

5

court would determine all sentencing issues; and 4) that Petitioner understood that the range of punishment would be from fifteen to twenty-five years and that he would be required to served 100% of his sentence. See Docket Entry No. 10-25, at 7. The state court also found that: 1) Petitioner's trial counsel had met with him five or six times prior to the plea hearing; 2) Petitioner's counsel had provided him with complete information regarding the possible outcomes at the sentencing hearing, including that he could be sentenced to more than twenty years or as little as 13-1/2 years as a mitigated offender; and 3) Petitioner's counsel had told the Petitioner that she did not think he would be sentenced to the minimum sentence, and had specifically stated in an e-mail to the Petitioner that "I doubt seriously that Judge Easter would sentence you to only 13.5 years. In fact, at a sentencing hearing, he more likely would sentence you to more than 20 years." See Docket Entry No. 10-25, at 3 and 6.

The Petitioner has not rebutted the presumption of correctness that applies to these facts. Accordingly, these facts are presumed to be true. See 28 U.S.C. § 2254(e)(1); Girts v. Yanai, 501 F.3d 743, 749 (6th Cir.2007); Mitchell v. Mason, supra. In light of these facts, there is no basis upon which this Court can conclude that the state court's decision that his plea was either contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States as is required for habeas relief under Section 2254. The state court correctly identified and applied the controlling law regarding the constitutionality of a guilty plea and rendered a decision that comports with the applicable law, and the Petitioner has not demonstrated persuasive legal or factual argument to conclude otherwise. The Court finds that the Petitioner's guilty plea was entered into knowingly, intelligently, and voluntarily, and is constitutionally sound.

Initially, the Court notes that a guilty plea is not rendered invalid merely because counsel's expectations about the length of a sentence upon a guilty plea do not come to fruition. See Stout v. United States, 508 F.2d 951, 953 (6th Cir. 1975).

6

Furthermore, the Petitioner in this case was fully advised by his counsel regarding the pros and cons of entering into a guilty plea and was fully advised of the possible sentences that he might receive. There is no evidence of ineffectiveness on the part of counsel, no evidence that the Petitioner was incorrectly advised by counsel about the law, and no evidence the Petitioner was induced, persuaded, or pressured into a belief that he would receive a sentence of 13-1/2 years. Counsel in this case went over the full sentence range with the Petitioner, and this Court does not find that counsel's act of merely mentioning a mitigated sentence to the Petitioner, even though such a sentence may not have been a realistic possibility, was a deviation from the objective standards of effective counsel. This was not a situation in which counsel only discussed a mitigated sentence with Petitioner, promised or suggested to Petitioner that the mitigated sentence would be the probable outcome, or otherwise took any action to mislead the Petitioner about the seriousness of the possible sentence he would face upon entering into a plea agreement. To the contrary, the evidence shows that counsel clearly advised the Petitioner that she did not believe that he would be given a mitigated sentence and advised him that he would instead be more likely to receive a sentence in the upper range of the possible sentences.

The Court acknowledges that, upon appeal of the denial of the Petitioner's post-conviction relief petition, the Tennessee Court of Criminal Appeal found that counsel's act of advising the Petitioner that he could be sentenced as a mitigated offender presented the risk of creating false expectations regarding sentencing. See Docket Entry No. 10-25, at 6. However, the Court cannot fault counsel for simply mentioning the words "mitigated," as the Petitioner seems to argue. Any possible risk of creating a false expectation was minimal in light of the specific advice counsel provided that it was unlikely that he would receive a mitigated sentence. The Petitioner's belief that he would be sentenced to 13-1/2 years was simply unreasonable and was wishful thinking on his part and cannot be attributed to any action or inaction of his counsel.[1]

---

[1] This "wishful" line of thinking on the part of Petitioner is further indicated by evidence of his desire for an agreement with the State that would have allowed him to be placed under house arrest as punishment for the sexual crimes he committed against his minor relative. See Docket

7

The Petitioner points to the fact that he was unfamiliar with the criminal justice system and was relying on his counsel for help. As the Court has found, there is no evidence that counsel did not effectively advise the Petitioner, and the mere fact that the Petitioner was unfamiliar with criminal proceedings does not support a claim that his plea was constitutionally invalid. The pressures and stress of criminal proceedings are matters which are not sufficient, by themselves, to render a plea involuntary. See Miles v. Dorsey, 61 F.3d 1459, 1470-71 (10th Cir. 1995); Jones v. Smith, 2012 WL 4088872, *9 (E.D. Mich. Sept. 17, 2012); Smith v. Campbell, 781 F. Supp. 521, 535 (M.D.Tenn. 1991).

Additional evidence weighing against this claim is the fact that, at the Petitioner's plea colloquy, the state court discussed with the Petitioner the possibility of a significant sentence well beyond 13-1/2 years. During this plea colloquy, the state court questioned Petitioner about his understanding of the possible sentences and specifically asked Petitioner if he understood that he could receive a sentence of up to 25 years that must be served at one hundred percent. See Docket Entry No. 10-13, at 15-19. Petitioner affirmed that he did. Id. A plea colloquy is a solemn event and "dispositions by guilty pleas are accorded a great measure of finality." Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Because courts must be able to rely on a defendant's statements during a plea colloquy, allegations in a collateral proceeding that directly contradict sworn statements made during a properly conducted plea colloquy are usually "palpably incredible" and "patently frivolous or false." United States v. McMaster, 403 F.3d 216, 221 (4th Cir. 2005).[2]

---

Entry No. 10-3, at 3 and Docket Entry No. 10-12, at 26-27.

[2] In his Response to the Respondent's Answer, the Petitioner asserts that the Court never discussed the elements of the offense of rape of a child with him at the plea colloquy. See Docket Entry No. 15, at 12. This assertion is contradicted by the transcript of the plea colloquy which indicates that the state court did set out the elements of the offense and that the Petitioner affirmed that he did not have any questions regarding the elements of the offense. See Docket Entry No. 10-13, at 20.

In addition to finding no evidence of ineffectiveness on the part of the Petitioner's trial counsel, the Court also finds that the Petitioner has not satisfied the prejudice prong that is part of any claim that ineffective assistance of counsel invalidates a guilty plea. This requires the Petitioner to show a reasonable probability that, but for counsel's purported deficiency, he would have not pled guilty but would have insisted upon proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Hodges v. Colson, 727 F.3d 517 (6th Cir. 2013). The Petitioner has not presented the Court with any evidence in the instant case on this required showing and it does not appear that he testified at any point in the state proceedings that he would have refused to enter a guilty plea and would have gone to trial if his trial counsel had not mentioned that a sentence of 13-1/2 years as a mitigated offender was in the possible sentencing range. Further, the record clearly shows that the state court explicitly discussed with the Petitioner at the plea colloquy the range of his sentence and advised him that he could be sentenced to as much as 25 years at 100%. Despite the Court's advice, the Petitioner made no objection and affirmed that he wanted to plead guilty and forgo his right to a trial.

The Petitioner argues that, because of his guilty plea, he lost the opportunity to preserve for appeal the denial of his pretrial motion to suppress his confession. See Docket Entry No.15-12. While this may be true, the fact that issues were lost for appeal purposes because of his guilty plea says nothing about whether the Petitioner would have proceeded to trial and certainly does not evidence the type of prejudice required by Hill. Indeed, the fact that the Petitioner failed in his attempt to suppress his confession prior to trial and knew that the confession would be used against him at trial suggests that there was not a reasonable probability that, instead of pleading guilty, he would have proceeded to a trial when he faced two additional counts of sexual crimes against his minor relative.

With the benefit of hindsight, the Petitioner now regrets his choice to plead guilty and he would essentially like to have a "do-over" because he is unhappy with the choice he made. However, that is not the constitutional standard for overturning a guilty plea. The standard is whether the

9

Petitioner made a voluntary and intelligent choice among alternative courses of action available to him when he decided to enter into a plea of guilty. See North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The evidence overwhelmingly shows that he made such a choice, and the Petitioner is not entitled to habeas corpus relief on this claim.

B. Ground Two - Sentencing Error

The Court initially notes that this ground for relief has not been clearly presented to this Court as one of federal constitutional error. Although the Petitioner alleges that the state courts erred in determining the dates of the criminal acts at issue and the state sentencing law that applied based upon this factual determination, the Petitioner has not shown how this error violated a federal constitutional right. Indeed, the petition for habeas relief does not mention a particular constitutional provision that was violated, see Docket Entry No. 1, at 9-10, nor does the Petitioner's response to the answer filed by the Respondent argue this claim in terms of a federal constitutional error. See Docket Entry No. 15, at 6-8.[3]

Generally, federal habeas relief is available only if a defendant is in custody in violation of federal law; error in the application of state law is not cognizable in a federal habeas proceeding. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). See also Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990); Smith v. Phillips, 455 U.S. 209, 221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); Cooey v. Coyle, 289 F.3d 882, 902 (6th Cir. 2002). Federal habeas corpus courts may intervene in the application of state law only if such application results in an error of constitutional dimension. Phillips, 455 U.S. at 221. Accordingly, to the extent that the Petitioner merely disagrees with the decision made by the sentencing court, such disagreement simply does not provide a basis for federal habeas corpus relief.

---

[3] Although the Petitioner referred to the Sixth Amendment when arguing this claim before the state courts in his direct appeal, see Docket Entry No. 10-8, at 3-4, he does not refer to the Sixth Amendment or any other constitutional provision at any point in his Petition and does not argue this claim in terms of a constitutional violation in his Response to the Answer.

Absent evidence that the Petitioner's sentence exceeded the statutory maximum for his crime, the length of his sentence is typically not cognizable in habeas corpus proceedings. See Hutto v. Davis, 454 U.S. 370, 373–74, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982); Austin v. Jackson, 213 F.3d 298, 301–02 (6th Cir. 2000). The Petitioner has certainly not shown that the state court's decision on this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Although the Petitioner argues that he "should have been given the benefit of the doubt at sentencing" and he should have been sentenced under the old sentencing guidelines, see Docket Entry No. 15, at 8, the Petitioner has pointed to no case law which supports such an argument.

To the extent that the Petitioner seeks to show that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, the Court finds no basis for such an argument. The state court determined the date of the offense for which the Petitioner was sentenced by relying upon the Petitioner's own statement that the crime occurred during "the last part of the summer." See Docket Entry No. 10-8, at 4. No specific quantum of evidence is constitutionally required, and this evidence was sufficient to support the state court's determination. There is no evidence that the information relied on by the state court was materially false, nor any basis for concluding that the state court's determination was unreasonable in light of the evidence before it. The Petitioner has not presented clear and convincing evidence that would rebut the state court factual finding, and he is not entitled to habeas relief on this claim.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Petition for Habeas Corpus Relief be DENIED and this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                Respectfully submitted,

                */s/ Juliet Griffin*
                JULIET GRIFFIN
                United States Magistrate Judge